In The Matter of Petition of BEIS-WENGER ENTERPRISES CORP., Petitioner,

v.

Kathleen CARLETTA, and The Estate and Minor Children of George Myers, Respondents/Claimants.

No. 91–149–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

April 21, 1999.

Timothy Peter Shusta, Hayden & Milliken, P.A., Tampa, FL, James E. James, E. Ross & Associates, Houston, TX, for Matter of Petition of Beiswenger Enterprises Corp.

Gary D. Fox, Stewart, Tilghman, Fox & Bianchi, P.A., Miami, FL, Robert Henry Dillinger, Law Office of Robert H. Dillinger, St. Petersburg, FL, for Karthleen Carletta.

Gary D. Fox, Stewart, Tilghman, Fox & Bianchi, P.A., Miami, FL, Robert Henry Dillinger, Law Office of Robert H. Dillinger, St. Petersburg, FL, Dennis Anthony Lopez, Dennis A. Lopez, P.A., Tampa, FL, for Pauline Walls.

Gary D. Fox, Stewart, Tilghman, Fox & Bianchi, P.A., Miami, FL, Robert Henry Dillinger, Law Office of Robert H. Dillinger, St. Petersburg, FL, Joseph J. Registrato, Law Office of Joseph J. Registrato, Tampa, FL, Dennis Anthony Lopez, Dennis A. Lopez, P.A., Tampa, FL, for Shante Myers.

## ORDER ON PETITIONER'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause is before the Court on Petitioner's motion for summary judgment (Dkt.123), and response (Dkt.125).

### STANDARD OF REVIEW

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A material fact is one which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Evans v. Meadow Steel Products, Inc.*, 579 F.Supp. 1391, 1394 (N.D.Ga.1984). The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Liberty Lobby, Inc.*, 477 U.S. at 249, 106 S.Ct. 2505. If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial, summary judgment should be granted. *Jones v. Gerwens*, 874 F.2d 1534, 1538 (11th Cir. 1989) (citing *Celotex*, 477 U.S. at 324–25, 106 S.Ct. 2548). Factual disputes preclude summary judgment.

### FACTUAL BACKGROUND

This case arises out of an accident which occurred on December 4, 1990, when the decedent, George Myers, and Claimant Kathleen Carletta went for a double parasail ride off Clearwater Beach, Florida. The motor vessel in this instance was the M/V Skyrider Express, which was owned and operated by the Petitioner, Beiswenger Enterprises Corp. (BEC) (Dkt.123).

While Myers and Carletta were in the air, parasailing, the weather conditions changed, causing the vessel to be unable to retrieve the gondola and the passengers from the air, so the towline was severed. However, as the vessel was approaching the passengers, to retrieve them from the water, two events occurred: first, the canopy filled with a gust of wind and rose from the water, and secondly, the towline wrapped itself around one of Decedent's ankles. Fourteen days later Mr. Myers died from injuries sustained from this

event. Kathleen Carletta, Claimant, also maintains that she suffered damages as a result of this incident.

The case went to trial in state court in August, 1997. The jury found for the Claimants and against Petitioner, awarding a total $4,462,374 in damages. Pursuant to the decisions of this Court and the Eleventh Circuit Court of Appeals, as well as stipulations entered into by the Claimants, the matter is now before this Court for a determination of whether Petitioner can limit its liability (Dkt.123).

### *ANALYSIS*

Petitioner moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because the state court jury was improperly instructed on proximate cause.

In terms of the law of the case, when the Court lifted its injunctions so that the case could be tried to judgment in state court, and that decision was affirmed by the Eleventh Circuit, the question of proximate cause and how to instruct the jury on that issue became one for the state court to decide. The state court's decision in that regard is binding, and the only role this Court has is to determine whether Petitioner has the right to limit its liability. As the Eleventh Circuit explained:

> For example, suppose that the state court holds that a single negligent act attributable to BEC caused the accident. The state court's determination that BEC is liable for the accident would be binding in the limitation proceeding, and the admiralty court would determine only whether BEC is entitled to limit that liability.

*Beiswenger Enterprises Corp. v. Carletta,* 86 F.3d 1032 (11th Cir.1996).

■ Moreover, a state court judgment, including any complaints about the jury instructions which produced it, is reviewed by state appellate courts. The cross-over point, if issues of federal law are involved, is from the state appellate court of last resort to the United States Supreme Court. The review process does not pass through the federal district courts. The sanctity of this division of labor was emphasized by the Supreme Court decisions in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), which gave rise to what is known as the *Rooker–Feldman* doctrine. The doctrine provides that federal district courts may not grant relief based upon federal law or rights if the effect of that relief would be to review and overturn a state court judgment. As the Supreme Court stated in *Feldman:*

> [A] United States district court has no authority to review final judgments of a state court in judicial proceedings.

460 U.S. at 482, 103 S.Ct. 1303. Likewise, the Eleventh Circuit holds the same view:

> [T]he lower federal court ..., because federal review of state court decisions is entrusted solely to the Supreme Court, ... may not decide federal issues that are raised in state court proceedings and 'inextricably bound' with the state court's judgment.

*Wood v. Orange County,* 715 F.2d 1543, 1546–47 (11th Cir.1983).

■ The Court finds, after considering the motions and case law presented by Petitioner and Respondents/Claimants, that Petitioner cannot seek review of the state court's actions in this Court. Accordingly, it is

**ORDERED** that Petitioner's Motion For Summary Judgment (Dkt.123) is **denied.**